UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAY LUIS RIOS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>OLD COLONY CORRECTIONAL CENTER, et al.,<br><br>　　　　Defendants. | Civil Action No.<br>23-11538-FDS |
| RAY LUIS RIOS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANTHONY STEVENSON, et al.,<br><br>　　　　Defendants. | Civil Action No.<br>23-11571-FDS |

## ORDER

**SAYLOR, C.J.**

On July 7, 2023, Ray Luis Rios, an inmate now confined to the Souza Baranowski Correctional Center, filed a complaint against the Old Colony Correctional Center and Correctional Officer Charleston A. Stevenson. Doc. No. 1, No. 23-11538. Less than one week later, on July 13, 2023, plaintiff filed a second complaint against Correctional Officer Stevenson and others. Doc. No. 1, No. 23-11538. In both complaints, plaintiff asserts that a toxic poison is

present in his food tray, which is allegedly causing him to slowly suffocate. In both actions, he filed motions for leave to proceed *in forma pauperis* and copies of his prison account statement.

On August 17, 2023, No. 23-11571 was reassigned as related to No. 23-11538 under Local Rule 40.1(i)(1). *See* Doc. Nos. 8, 9, No. 23-11571. Because plaintiff asserts essentially the same claim in the two complaints, the court will consolidate the two actions under Rule 42. Under Rule 42, a district court may consolidate civil actions pending in the same court if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Because these actions involve common issues of law and fact as well as some of the same defendants, both equity and judicial economy support consolidation. The clerk will be directed to consolidate these cases. All further papers filed or submitted for filing, including any amended complaint, will be docketed in the lead action under case number 23-11538. No further action is necessary on the higher-numbered case, No. 23-11571, which will be terminated as a pending case on the court's docket.

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). To state a claim, a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. When examining the sufficiency of the pleadings, the court considers whether the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In reviewing the complaint, the

court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* The court must liberally construe the pleadings because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, the complaints fail to allege sufficiently plausible facts that could support a claim against any defendant. Rather than dismiss the complaints outright, the court will grant plaintiff leave to submit an amended complaint.

Any amended complaint must comply with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. It should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. Fed. R. Civ. P. 10(b) (the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). It should include all of the information that plaintiff wishes the court to consider in deciding whether it states a plausible claim for relief. That information should include (1) the names of those individuals who were personally and directly involved; (2) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event and the general location where each event occurred; (3) a description of the injuries plaintiff suffered; and (4) the relief he seeks, such as monetary damages, injunctive relief, or declaratory relief.

Because any amended complaint will completely replace, not supplement, the original complaints, any facts or claims that plaintiff wishes to include from the original complaints must be repeated in the amended complaint. The amended complaint should be filed under docket

number 23-11538-FDS.  Failure to comply with theses directives shall result in a dismissal of this action.

    For the foregoing reasons, it is hereby ordered as follows:

1. The clerk is directed to consolidate C.A. No. 23-11571-FDS with C.A. No. 23-11538-FDS.  C.A. No. 23-11571-FDS shall be terminated on the court's docket.  The lead case shall be C.A. No. 23-11538-FDS, and all further pleadings shall be filed under this case number.

2. The Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 4) is ALLOWED.  Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $69.16.  The remainder of the fee, $280.84, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The clerk shall send the standard Notice to Prison form to the Treasurer's Office at the Souza Baranowski Correctional Center.

3. If plaintiff wishes to proceed in this matter, he must file an amended complaint setting forth a plausible claim upon which relief may be granted.  Failure to comply with this directive within 42 days of the date of this order (that is, by October 5, 2023) will result in dismissal of this action.

4. All further papers filed or submitted for filing, including any amended complaint, will be docketed in the lead action under case number 23-11538-FDS.

**So Ordered.**

                                                      /s/ F. Dennis Saylor IV
                                                      F. Dennis Saylor IV
Dated:  August 24, 2023                    Chief Judge, United States District Court