UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAY LUIS RIOS,<br><br>      **Plaintiff,**<br><br>      v.<br><br>OLD COLONY CORRECTIONAL CENTER, et al.,<br><br>      **Defendants.** | Civil Action No.<br>23-11538-FDS |

**ORDER**

**SAYLOR, C.J.**

On July 7, 2023, Ray Luis Rios, an inmate at the Souza Baranowski Correctional Center, filed a complaint against the Old Colony Correctional Center and Correctional Officer Charleston A. Stevenson. (Docket No. 1, No. 23-11538). Less than one week later, on July 13, 2023, plaintiff filed a second complaint against Correctional Officer Stevenson and others. (Docket No. 1, No. 23-11538). In both complaints, plaintiff asserted that a toxic poison is present in his food tray, which is allegedly causing him to slowly suffocate. In both actions, he filed motions for leave to proceed *in forma pauperis* and copies of his prison account statement.

On August 17, 2023, Case No. 23-11571 was reassigned as related to Case No. 23-11538 under Local Rule 40.1(i)(1). (*See* Docket Nos. 8, 9, No. 23-11571). Because plaintiff asserted essentially the same claim in the two complaints, the court consolidated the two actions under Rule 42. Fed. R. Civ. P. 42(a)(2).

On August 24, 2023, the Court found that the complaints failed to allege sufficiently plausible facts that could support a claim against any defendant. (*See* Docket Nos. 7, 9, No. 23-

11538).  Rather than dismiss the complaints outright, however, the Court granted plaintiff leave to submit an amended complaint under docket number 23-11538-FDS.  The court noted that failure to comply with its order would result in dismissal of the action.

Plaintiff then filed an amended complaint on October 20, 2023.  The amended complaint is nearly identical to plaintiff's first two complaints, and again alleges that a secret poison is causing him to slowly suffocate.

The Prison Litigation Reform Act requires that courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  To state a claim, a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  When examining the sufficiency of the pleadings, the court considers whether the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In reviewing the complaint, the court must accept all well-pleaded factual allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*  The court must liberally construe the pleadings because plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, the amended complaint still fails to allege sufficiently plausible facts that could support a claim against any defendant.  For that reason, the action is hereby DISMISSED.

**So Ordered.**

Dated:  October 27, 2023

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court